Filed 6/26/26  P. v. Williams CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086109 |
| v. | (Super.Ct.No. RIF2304974) |
| CHRISTOPHER JEROME WILLIAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Judge.  Affirmed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Christopher P. Beesley and Namita A. Patel, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Christopher Jerome Williams was convicted of assault with a deadly weapon other than a firearm and was sentenced to the middle term of six years of imprisonment. Defendant claims on appeal that the trial court erred in sentencing him to the middle term, rather than the low term, because pursuant to Penal Code section 1170, subdivision (b)(6)(A),[1] defendant's childhood trauma required the trial court to impose the low term absent a finding that the aggravating circumstances outweighed the mitigating circumstances. We find no error and therefore affirm.

**FACTUAL AND PROCEDURAL HISTORY**

A.      <u>PROCEDURAL HISTORY</u>

In February 2025, a jury convicted defendant of one count of assault with a deadly weapon other than a firearm (§ 245, subd. (a)(1)), one count of possession of a firearm by a prohibited person (§ 29800, subd. (a)(1)), and one count of possession of ammunition by a prohibited person (§ 30305, subd. (a)(1)). Based upon defendant's waiver of a jury trial, the court found true the allegation that he had committed a strike prior (§ 667, subds. (c) &(e)(1)).

Prior to sentencing, defendant submitted a sentencing brief in which he requested the "Mid or Low Term on Count 1." At the sentencing hearing, defendant's counsel requested that the trial court "go with either the low or mid terms." The trial court imposed the midterm sentence of three years on Count 1, which was doubled to a

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

sentence of six years based on defendant's prior strike conviction. Defendant appeals, challenging only the sentence imposed on the first count.

B.    <u>FACTUAL HISTORY</u>

On March 15, 2023, the victim was driving on the 91 Freeway with her three children in the back seat and the children's father in the passenger seat. The victim passed a black Volkswagen Jetta that was driving slowly in the fast lane of the freeway. The black Jetta proceeded to hit the victim's vehicle multiple times and followed the victim's vehicle despite the victim's efforts to get away..

On March 23, 2023, defendant was subjected to a traffic stop while driving a black Jetta with an expired registration. Police conducted a search of the vehicle and discovered a pistol in the seat cover of the passenger seat.

The victim and her children's father positively identified defendant from a photographic lineup.

**DISCUSSION**

As applicable here, section 1170, subdivision (b)(6), provides that where a person has experienced childhood trauma, and that was a contributing factor in the commission of the offense, the trial court "shall" order imposition of the lower term sentence "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice."

When section 1170 was amended effective January 1, 2022, the California Rules of Court were also amended to conform to the new legislation. (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 200 (*Hilburn*).) Rule 4.420(e) now provides in relevant part:

3

"Notwithstanding section 1170(b)(1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice, the court must order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:  [¶]  (1) The defendant has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence."

The circumstances in aggravation and mitigation for the trial court to consider are specified in rules 4.421 and 4.423, respectively.

These changes to section 1170 and the California Rules of Court "create a presumption in favor of the lower term sentence," but "the court remains authorized to impose the middle term if the court determines that the aggravating and mitigating factors show that imposition of the lower term would be contrary to the interest of justice." (*Hilburn*, *supra*, 93 Cal.App.5th at p. 203.)

The trial court here found that defendant had suffered from childhood trauma and acknowledged that this was a mitigating circumstance in the sentencing decision. Defendant contends that the trial court erred in ordering the middle term instead of the lower term, specifically because the court's use of the word "balance" on two occasions in its oral pronouncement of the sentencing order evidences that the court "employed the old balancing test" set forth in the prior version of section 1170.

We find no error here.  The record does not support defendant's contentions that the trial court used the "old balancing test."  To the contrary, there is affirmative evidence

4

reflecting that the trial court was aware of the changes described in *Hilburn*, *supra*, that had been made to section 1170 and the California Rules of Court.

Specifically, the trial court stated during sentencing that "Under the Rules of Court, the defendant was under the age of 26, and the Court is required now to take that into consideration under the Rules of Court and to consider strongly imposing the low term." This statement immediately preceded the trial court's finding that "[rule] 4.423(b) does apply given the trauma, youthful trauma suffered by the family" as a mitigating circumstance, and that the aggravating and mitigating circumstances "balance out to the effect that the Court will impose the mid term on count 1." The trial court later corrected itself that defendant was not actually under the age of 26, specifying that it was "not taking [defendant's age] into consideration under the new Rules of Court. That was an error, but that does not change the Court's ruling. [¶] The Court still believes there is a balance between mitigation and aggregation [*sic*] to justify the mid term as opposed to upper term or lower term."

These statements by the trial court about the "new Rules of Court" and having to "now" take defendant's age into consideration and strongly consider imposing the lower term reflect its awareness of the existence and proper application of the current version of section 1170, including the appropriate effect of defendant's childhood trauma and defendant's age (if he had fallen under the definition of being a "youth," which the court quickly corrected itself that he did not) on its sentencing decision.

This is further bolstered when considering that the foregoing comments about mitigating circumstances took place immediately after the court identified and discussed

5

the aggravating circumstances—including the threat of great bodily harm that could have resulted from defendant's actions, defendant's continued criminality as an adult, and defendant's prior prison term—with the court making specific references to rule 4.421.

In the context of the entirety of the trial court's comments, it is apparent that the trial court's use of the word "balance" was in reference to its weighing of the aggravating and mitigating circumstances, rather than an improper use of the "old balancing test" as defendant argues. At the time of sentencing, defendant's counsel did not object to the trial court's stated reasoning regarding the midterm sentence and defendant had in fact requested in both his sentencing brief and at the sentencing hearing that the court order the midterm sentence. By weighing the aggravating and mitigating circumstances in determining whether to apply the middle term rather than the low term, the trial court performed its duties as required by section 1170 subdivision (b)(6).

The court's statements during sentencing are substantively similar to those made by the trial court in *People v. Caparrotta* (2024) 103 Cal.App.5th 874 (*Caparrotta*). In *Caparrotta*, during sentencing the trial court did not make specific reference to the presumption set forth in section 1170, subdivision (b)(6), but ordered the middle term sentence "considering all the mitigating and aggravating circumstances." (*Caparrotta*, at p. 905.) The defendant in *Caparrotta* argued that the trial court erred in failing to consider the lower term sentence in light of the childhood abuse that he suffered, and, in particular, that the court failed to make any mention in its decision of the presumption in favor of the lower-term sentence. (*Ibid.*) A panel from the first division of this court rejected the defendant's argument, holding that "[c]onsistent with Penal Code section

1170, subdivision (b)(6), the trial court indicated at the sentencing hearing that it had expressly weighed the aggravating and mitigating circumstances, and that, as a result, it had decided to impose a middle-term sentence.  Under those circumstances, [the defendant] has failed to establish that the trial court erred." (*Id.* at p. 906, fn. omitted.)

Generally, the trial court is presumed to know and apply the correct statutory and case law in the absence of evidence to the contrary.  (*Caparrotta*, *supra*, 103 Cal.App.5th at p. 905.)  Defendant correctly asserts that this presumption only applies where the record is silent.  (See *Lunsted v. Superior Court* (2024) 100 Cal.App.5th 138, 150.)  Defendant is also correct that the record is not silent on the application of the presumption set forth in section 1170, subdivision (b)(6).  As set forth *ante*, the record affirmatively establishes that the trial court applied the updated version of section 1170.

Defendant argues alternatively that the record is ambiguous with respect to whether the court understood its sentencing obligations, thus requiring remand.  However, defendant's reliance on *People v. Ochoa* (2020) 53 Cal.App.5th 841 (*Ochoa*) and *People v. Panozo* (2021) 59 Cal.App.5th 825 (*Panozo*) is misplaced.

In *Ochoa*, *supra*, 53 Cal.App.5th 841, the defendant was sentenced to life without the possibility of parole, and the trial court made no reference during sentencing to its obligation to consider youth-related mitigating factors.  (*Id.* at pp. 845-847.)  The trial court did not receive or accept into the record the information regarding the youth-related mitigation factors until after it had already imposed its sentence.  (*Id.* at p. 853.)  The court expressly stated that the evidence regarding the defendant's youth-related mitigating factors was being admitted for the parole board's "future consideration."  (*Id.*

7

at p. 847)  In light of the foregoing, the *Ochoa* court held that the record was "not silent" but instead, "[a]t best, it is ambiguous" and remanded the case to the trial court.  (*Id.* at p. 852)

In *Panozo*, *supra*, 59 Cal.App.5th 825, during sentencing the trial court was provided with uncontested evidence that the defendant served in the military and that his criminal behavior was attributable to his service-related post-traumatic stress disorder. (*Id.* at pp. 837-838.)  The trial court was required to consider these factors in determining whether to grant probation or referral to a treatment program, and to also consider these factors as a circumstance in mitigation during sentencing.  (*Id.* at pp. 834-836.)  Despite this, when listing the mitigating factors related to each count in its oral pronouncement of sentencing, the trial court made no reference to the defendant's service-related post-traumatic stress disorder, and nothing in the record supported an inference that the court was aware of its obligations to consider alternative sentencing.  (*Id.* at p. 838.)  The appellate court held that "[t] here is no evidence the trial court was aware of its statutory obligation to consider service-related mitigating factors at sentencing—rather, all indications are to the contrary," thus necessitating remand.  (*Id.* at p. 839.)

Neither *Ochoa* nor *Panozo* are applicable here.  The trial court did not make any ambiguous statements about its obligations under the law and did not omit any statutorily mandated mitigation factors from its stated reasons for the sentence.  Rather, the court made affirmative statements reflecting its awareness of its obligations pursuant to the "new" California Rules of Court and expressly referenced defendant's childhood trauma

as a mitigating circumstance, which it appropriately weighed against the aggravating circumstances.

**DISPOSITION**

The trial court's judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER

J.

We concur:

McKINSTER

Acting P. J.

LEE

J.